# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JOSHUA A. STRICKLIN,**
**ADC #138119**                                                **PLAINTIFF**

v.                    **No. 5:13-cv-385-DPM-JTR**

**ARKANSAS DEPARTMENT OF CORRECTION;**
**CYNTHIA REED, Correctional Officer; and**
**JUSTINE MINOR, Disciplinary Hearing Judge**      **DEFENDANTS**

## ORDER

1.     Striklin has filed this *pro se* action alleging that defendants violated his constitutional rights and Arkansas law. № 2. The Court must, though, screen his allegations. 28 U.S.C. § 1915A.

2.     Stricklin contends that correctional officer Reed intentionally and repeatedly slammed Stricklin's hand in the food slot on his cell door at the Varner Super Max Unit of the Arkansas Department of Correction. № 2. Stricklin has stated a plausible excessive-force claim, under the United States and Arkansas Constitutions, against Reed.

3.     According to Stricklin, Reed committed battery when she used force against him. Stricklin also says that he is bringing a claim for "breach of duty," which presumably is a negligence claim. № 2 *at 5*. Arkansas

employees are immune from suit for tortious acts, with two exceptions. Ark. Code Ann. § 19-10-305(a). First, they do not have immunity for "malicious" acts, like the battery claim that Stricklin is raising against Reed. *Ibid.* Second, they do not have immunity if their negligence is covered by liability insurance. *Ibid.* The ADC does not maintain liability insurance for the negligent acts of its employees. *Langford v. Norris*, 614 F.3d 445, 465 (8th Cir. 2010). Stricklin's negligence claim is therefore dismissed with prejudice. He may, however, proceed with his battery claim against Reed.

The Clerk is directed to prepare a summons for Reed. The U.S. Marshal is directed to serve the summons, complaint, and this Order on her through the ADC Compliance Division without prepayment of fees and costs or security therefor. If Reed is no longer an ADC employee, the individual responding to service must file Reed's last known private mailing address under seal.

4. Stricklin alleges that disciplinary hearing judge Minor violated his procedural due process rights when she found Stricklin guilty of several disciplinary infractions for his involvement in the altercation with Reed. Stricklin had a constitutional right to due process during his disciplinary

proceedings only if he had a liberty interest at stake. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Stricklin did not have a liberty interest in avoiding his temporary placement in punitive isolation, the loss of his privileges, or in maintaining his class. *Ibid.* His due process claim against Defendant Minor is, therefore, dismissed without prejudice.

5.    Stricklin also contends that his disciplinary convictions were retaliatory. A prisoner cannot receive a disciplinary conviction in retaliation for exercising a constitutional right. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Stricklin hasn't explained what constitutional right he was punished for exercising or why Minor was motivated to do so. *Ibid.* In any event, a retaliation claim fails as a matter of law when there was "some evidence" to support the disciplinary convictions. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). The disciplinary hearing forms attached to the complaint establish that Minor based her disciplinary ruling on Reed's statement and incident reports prepared by other staff members. № 2 at 18-19. Stricklin's retaliation claim is therefore dismissed without prejudice.

6.    Stricklin's claims against the ADC are dismissed with prejudice because it is not a proper party in a § 1983 action. *Brown v. Missouri*

*Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004).

7. An *in forma pauperis* appeal of any portion of this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 January 2014