**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOSHUA A. STRICKLIN,
ADC #138119                                                                                          PLAINTIFF

V.                                             5:13CV00385 DPM/JTR

CYNTHIA REED, Correctional Officer                                                   DEFENDANT

### ORDER

Plaintiff, Joshua Stricklin, has filed this *pro se* action alleging that, on September 10, 2013, Defendant Cynthia Reed used excessive force and committed the state tort of battery when she intentionally slammed his arm in the food slot on his cell door. Plaintiff has filed several non-dispositive motions, which the Court will address separately.

### I. Plaintiff's Motion to Compel

Plaintiff has filed a Motion asking the Court to compel Defendant to produce policies, training manuals, and documents that discuss how a prison guard should respond when a prisoner blocks the food slot on his cell door. *Doc. 16.* Defendant does not have any documents that are responsive to that request. *Id.; Doc. 28.* The Court cannot order Defendant to produce what she does not possess. Thus, the Motion to Compel is denied.

## II. Discovery Cannot be Filed in the Record

Plaintiff has recently filed several discovery requests in the record. *Docs. 24, 25, 27, 30, & 32.* Federal Rule of Civil Procedure 5(d) prohibits the filing of discovery requests and responses in the record. Instead, Plaintiff must *mail* his discovery requests *directly* to Defendant's attorney. Thus, the Clerk will be directed to refrain from docketing any future discovery from Plaintiff.

## III. Plaintiff's Motion for Appointment of Counsel and Motion to Limit or Terminate Deposition

Plaintiff alleges that he suffers from attention deficit hyperactivity disorder, antisocial personality disorder, and mild retardation. Accordingly, he asks the Court to appoint counsel to represent him or prohibit Defendant from deposing him.[1] *Docs. 18 & 26.*

A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v.*

---

[1] The Court has granted Defendant permission to depose Plaintiff. *Doc. 12*. However, it is unclear whether Plaintiff's deposition has been scheduled.

*Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex. Further, he has not offered any evidence to support his alleged mental diagnoses, or otherwise demonstrated that he is mentally unable to represent himself in this civil action. To the contrary, it appears from the record that Plaintiff is capable of presenting his claims without the benefit of appointed counsel. Under these circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

Thus, Plaintiff's Motion for Appointment of Counsel and his Motion to Limit or Terminate Deposition are both denied.

### IV. Plaintiff's Motion for a Bench Trial

Plaintiff has filed a Motion asking the Court to set a date for bench trial. *Doc. 31*. The request is improper because Defendant timely requested a jury trial in her Answer. *Doc.* 9. The request is also premature because Defendant has until July 14, 2014 to file any dispositive motions. *Docs. 12.* If the case survives the filing of any

such motions, the case will be then set for a jury trial before the Honorable D.P. Marshall Jr., United States District Judge. Thus, the Motion is denied.

### V. Plaintiff's Motion for a Preliminary Injunction

On March 14, 2014, Plaintiff filed a Motion asking the Court to order ADC officials to provide him access to the prison law library. *Doc. 19.* On March 27, 2014, Plaintiff signed a Declaration explaining that his request for a preliminary injunction is now moot because he has been granted access to the prison law library. *Doc. 29, Ex. A.* Accordingly, the Motion is dismissed, as moot.

### VI. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel *(Doc. 16)* is DENIED.

2. The Clerk is directed to REFRAIN from docketing any future discovery request or responses from Plaintiff.

3. Plaintiff's Motion for Appointment of Counsel (*Doc. 18*) is DENIED.

4. Plaintiff's Motion to Limit or Terminate Deposition *(Doc. 26)* is DENIED.

5. Plaintiff's Motion for a Bench Trial *(Doc. 31)* is DENIED.

6. Plaintiff's Motion for a Preliminary Injunction *(Doc. 19)* is DISMISSED, AS MOOT.

Dated this 9th day of April, 2014.

                                                */s/ J. Thomas Ray*
                                UNITED STATES MAGISTRATE JUDGE